IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA,   :
                            :   CRIMINAL NO. 4:04-CR-10
        v.                  :
                            :   (Judge McClure)
CHRISTOPHER P. DeSIVO       :

**O R D E R**

January 19, 2006

**BACKGROUND:**

On August 26, 2005, a jury in the Middle District of Pennsylvania found DeSivo guilty of four counts related to a methamphetamine conspiracy, possession of a firearm, witness tampering, and obstruction of justice.

Shortly after the trial, in early September 2005, DeSivo wrote a letter to the court requesting an extension of time for post trial motions and requesting that the court ask his court-appointed counsel to resume work on his case or appoint another attorney. (Letter, Rec. Doc. No. 151.) On October 17, 2005, DeSivo filed a motion to dismiss his court-appointed counsel. On October 21, 2005, an in camera hearing was held with both DeSivo and his court-appointed counsel in attendance. The court and parties discussed at the hearing the timeliness of any post-trial motions and the status of the relationship between DeSivo and his

attorney.  At the hearing it was determined that DeSivo sought post-trial motions involving newly discovered evidence and that the relationship with his attorney was not irretrievably broken.  During the hearing DeSivo withdrew his motion to dismiss his court-appointed attorney and the court granted a continuance of sentencing to permit defendant and defense counsel to develop a motion based on newly discovered evidence.  Sentencing is now scheduled for February 8, 2006.

Now before the court is DeSivo's most recent motion to dismiss court-appointed counsel filed on January 9, 2006.  Upon receipt of DeSivo's motion we directed his court-appointed counsel to file a response so that the court could determine the necessity of a hearing on the matter.  On January 17, 2006, DeSivo's court-appointed counsel filed his response.   For the following reasons we will deny DeSivo's motion to dismiss his court-appointed counsel.  No hearing is necessary.

**DISCUSSION:**

**I. Factors to Consider in Evaluating a Request for Substitution of Counsel**

Generally, the decision to delay proceedings in order to grant a defendant's request to substitute counsel is within the district court's discretion.  See United States v. Welty, 674 F.2d 185, 190 (3d Cir. 1985).  In Welty the United States Court of Appeals for the Third Circuit held that when a defendant seeks new

counsel on the eve of trial, or in the alternative, opts to represent himself, the district court must make two inquiries. Id. at 187. First, the court must determine if the reasons for the defendant's request constitute "good cause" and warrant delaying the proceedings to allow for the substitution of new counsel. Id.[1] The second inquiry is not at issue here because DeSivo has not requested that he proceed pro se.[2]

Under the first inquiry, "good cause" is considered a conflict of interest, a complete breakdown of communication, or an irreconcilable conflict with the attorney. United States v. Goldberg, 67 F.3d 1092, 1098 (3d Cir. 1995) (citing Welty, 674 F.2d at 188; McMahon v. Fulcomer, 821 F.2d 934, 942 (3d Cir. 1987)). Other factors the district court should consider in determining whether the defendant has established "good cause" are the "efficient administration of justice;

---

[1] Recently, the United States Court of Appeals has held that a full-blown Welty inquiry was not necessary in response to defendant's request for new sentencing counsel where the district court was aware of the reasons for defendant's dissatisfaction from the contents of defendant's letter to the court. United States v. Domian, 92 F. App'x 913, 919-20 (3d Cir. 2004).

[2] Under the second inquiry, if the court determines that the defendant is not entitled to a continuance then defendant must determine whether he would like to proceed pro se or to continue with existing counsel. Id. Since the decision to proceed pro se involves a waiver of defendant's Sixth Amendment rights the court must ensure that the decision by a defendant to represent himself is intelligently and competently made. Id.

the accused's rights, including the opportunity to prepare a defense; and the rights of other defendants awaiting trial who may be prejudiced by a continuance." Id. (citing United States v. Kikumura, 947 F.2d 72, 78 (3d Cir. 1991)). It is within a district court's "discretion to deny a request for a continuance if made in bad faith, for purposes of delay or to subvert judicial proceedings." Id. (citing United States v. Romano, 849 F.2d 812, 819 (3d Cir. 1988). Finally, a defendant's inability to get along with his counsel at sentencing is not "good cause" warranting substitution of counsel. United States v. Gibbs, 190 F.3d 188, 207 n.10 (3d Cir. 1999).

## II.  The Merits of DeSivo's Request

In DeSivo's most recent motion to dismiss his court-appointed counsel he again asserts that counsel failed to timely file post-trial motions, he indicates that counsel has been nonresponsive to attempts to contact him via phone and letter, and also that counsel was ineffective in pre-trial and trial issues. DeSivo also notes that the court "cannot expect current counsel to argue his ineffectiveness before this court." (Rec. Doc. No. 190, at 2, ¶ 10.)

Counsel's response to DeSivo's motion indicates (1) that at the previous in camera hearing on the earlier motion to dismiss counsel DeSivo indicated the post-trial motions he desired counsel to file were based on newly discovered evidence; (2) that after the hearing counsel met with DeSivo who stated he was "working on"

obtaining said evidence and counsel agreed to obtain transcripts for DeSivo and forward them to him at the Clinton County Jail; (3) that as of the date of his response DeSivo had not provided counsel with any newly discovered evidence nor had he requested counsel's assistance in obtaining said evidence; (4) that counsel recalled a phone message from an individual requesting on behalf of DeSivo certain trial transcripts, but counsel had already forwarded the transcripts to DeSivo; and (5) that defendant is correct that counsel cannot argue his ineffectiveness before this court. In closing, counsel states that "[i]t appears that at this point the attorney-client relationship has been irreparably damaged and the undersigned ought to be permitted to withdraw his appearance so that new counsel can be appointed to represent Mr. DeSivo to pursue the aforementioned claims." (Rec. Doc. No. 192, at 4.)

First, we note that any claims of ineffective assistance of counsel that DeSivo wishes to assert regarding court-appointed counsel's representation can be entertained in a collateral proceeding pursuant to 28 U.S.C. § 2255 and are not normally entertained on direct appeal. See United States v. Davies, 394 F.3d 182, 188 n.5 (3d Cir. 2005).

Second, this court has already held a hearing on the matter of substituting DeSivo's court-appointed attorney. At that hearing DeSivo believed he was out of

time to file certain post-trial motions based on newly discovered evidence and alleged that his attorney's delay caused him to go without filing said motions. We reiterate, as we indicated in our October hearing, that pursuant to Fed. R. Crim. P. 33(b)(1), DeSivo has three (3) years to file a motion for a new trial based on newly discovered evidence. Furthermore, as defense counsel has indicated, counsel cannot file a motion for a new trial without being provided the newly discovered evidence. In light of our previous hearing and court-appointed counsel's response to DeSivo's argument that counsel has failed to file post-trial motions (motions that are not yet out of time and require obtaining new evidence), the failure to file said post-trial motions does not support his request for the substitution of counsel. See Goldberg, 67 F.3d at 1098 (affirming district court's conclusion that attorney's failure to file meritless motions did not constitute "good cause" under Welty inquiry).

     Finally, although DeSivo indicates he has had a difficult time communicating with court-appointed counsel regarding the instant motions and counsel asserts he "ought to be permitted to withdraw his appearance," we find that the attorney-client relationship is not irreparably broken. At our prior hearing on the matter it was clear that although there may be a difference of opinion in legal strategy, counsel and defendant can work together. Counsel has indicated to the court several steps

he has taken regarding DeSivo's interest in obtaining newly discovered evidence including visiting DeSivo in jail and obtaining trial transcripts DeSivo requested. As we have already noted, counsel is not expected to argue his own ineffectiveness before this court. DeSivo can raise any ineffective assistance claims in collateral proceedings, the preferred venue for such claims. Additionally, DeSivo can file a motion for a new trial based on newly discovered evidence at any time within three years after the verdict. Fed. R. Crim P. 33(b)(1).

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1. DeSivo's motion to "dismiss court appointed counsel for failure to file motions and respond to defendants (sic) numerous requests and attempts to make contact" is denied. (Rec. Doc. No. 190.)

2. Sentencing in this matter remains scheduled for February 8, 2006 at 9:30 a.m.

　　s/ James F. McClure, Jr.　　
James F. McClure, Jr.
United States District Judge
